## Smith et ux., *v.* American Stores Company, Appellant.

Argued September 29, 1944. Before KELLER, P. J., RHODES, HIRT, RENO and JAMES, JJ. (BALDRIGE, J., absent).

*Paul H. Ferguson,* with him *G. Mason Owlett,* for appellant.

*Samuel I. Sacks,* with him *Sacks & Piwosky,* for appellees.

OPINION BY HIRT, J., January 25, 1945:

In this action for damages from the wife's injury the jury found in favor of each of the plaintiffs. Judgment

was entered for the wife and on the verdict for the husband in a reduced amount. Defendant in this appeal maintains that it is entitled to a new trial in any event, but more seriously contends that there is error in the refusal of judgments n. o. v. in its favor.

Defendant operates a number of markets selling meats, produce and groceries at retail, among them a store on Baltimore Avenue in Philadelphia. In the late afternoon of January 15, 1943, the wife-plaintiff went to the rear of this store. After making a purchase at the meat counter she proceeded in the aisle leading to the cashier's desk to pay for what she had bought. Many customers were in the store and the aisle was crowded. As she walked in the aisle between the produce and grocery counters she observed a piece of paper about a foot square, apparently flat on the floor. She had no reason to believe that it concealed a hazard. Under the paper there were carrot tops which caused her foot to slip as she stepped on the paper. She lost her balance and in falling her head struck the corner of a nearby box on the floor. There were a number of these boxes in the aisle supplied by the defendant for the use of an "order boy" in making deliveries to customers.

There is error in the charge of the court which in any view requires a new trial. The trial judge said to the jury that if "the defendant failed in its duty to keep the place in a reasonably safe condition, that there did exist there something which caused the female plaintiff to slip and fall, then your verdict should be for the plaintiffs." Although modified to some extent elsewhere in the charge, this virtually was an instruction imposing liability on defendant as an insurer of the safety of its patrons. In our view, however, there is error more fundamental than the refusal of a new trial; we think that the defendant under the law, clearly is entitled to judgment n. o. v. There is no suggestion that plaintiffs

could produce additional evidence on a second trial.

In general, in an action arising from personal injury, the burden is on the plaintiff to prove the negligence of the defendant which caused it. And cases involving injury to an invitee of a storekeeper are no exception to the rule; res ipsa loquitur does not apply. This often is a heavy burden on a plaintiff even in a meritorious case. Cf. *MacDonald v. Gimbel Brothers Inc.*, 321 Pa. 25, 183 A. 804. And although under some circumstances the difficulties of proof of negligence may be insurmountable, yet the rule has not been relaxed. A storekeeper is not liable except upon proof of the negligence of his servant or employee, chargeable to him, or of a dangerous condition of which he has had actual or constructive notice. His duty rises no higher than to keep his store in a reasonably safe condition and to remove hazards of which he has actual knowledge or which have continued long enough to charge him with constructive notice of their existence. *Chapman v. Clothier*, 274 Pa. 394, 118 A. 356; *Reay v. Montgomery-Ward & Co., Inc.*, 154 Pa. Superior Ct. 119, 35 A. 2d 558.

In the absence of proof that the defendant here had actual or constructive notice of the existing hazard, plaintiffs' right to recover must rest upon proof of a negligent act of an employee of defendant which set up the dangerous condition. *Jann v. Linton's Lunch*, 150 Pa. Superior Ct. 653, 29 A. 2d 219, relied upon by plaintiffs is not controlling on this phase of the case. The *Jann* case did not turn on the issue of negligence but rather on the question whether an admittedly negligent actor was an employee of defendant. Here the testimony charges defendant with liability for the acts of the order boy, but the question remains whether the evidence is legally sufficient, under a construction most favorable to plaintiffs, to establish that the boy set up the hazard which caused the injury. Supporting proof

of the boy's negligence must rest, if at all, upon what was said by the manager of the store immediately following the injury and the failure of the boy to reply. The wife-plaintiff testified that the manager said to the boy: "You ought to have better sense than to have things like that on the floor" and ordered him to remove them. Another disinterested witness testified (though she did not remember the exact language) that the manager said: "You should know better than that—to throw things like that on the floor." The manager was not stating a fact but was making a deduction without knowledge of the facts. He came to the place of the accident after it had occurred. His statement to the boy therefore is not an admission of a negligent act making defendant liable. On the boy's silence plaintiffs rested their proof of negligence.

The maxim 'silence gives consent' is not an invariable and precise rule of evidence. "The general principle of relevancy tells us that the inference of assent may safely be made only when no other explanation is equally consistent with silence." Wigmore on Evidence, 3rd Ed., §1071. The rule is thus stated, in 31 C.J.S., Evidence, §295: "The failure of a party to reply to a statement made in his presence or hearing is significant only where the nature of the statement, and the circumstances under which it was made, are such as render a reply natural and proper." Where, for example, incriminating statements are made in the presence and hearing of one accused of crime while he is in custody, his silence generally is admissible as an implied admission of the truth of the charges so made. Com. v. Vallone, 347 Pa. 419, 32 A. 2d 889. But even in criminal cases the circumstances must give rise to the duty to answer if the accused would avoid the inference of acquiescence in the assertion made in his presence. "Silence is considered an admission, only when the circumstances are such that one ought to speak and does not": Com. v. Coyne, 115

Pa. Superior Ct. 23, 175 A. 291. In that case a defendant had been introduced as "one of the bosses" of a gambling house and failed to deny it. We held that his silence could not be taken as a tacit admission that he was a proprietor. Compare *Vail v. Strong,* 10 Vt. 457; *Mattocks v. Lyman,* 16 Vt. 113; *Beck v. Dye,* 92 P. 2d 1113.

On an accusation of negligence giving rise to a civil action, if one is restrained by fear or doubt as to his rights, or by the belief that his interests will be best promoted by his silence, then no inference of assent can be drawn from that silence. "Nothing can be more dangerous than this kind of evidence; it should always be received with caution, and never ought to be, unless the evidence is of direct declarations of that kind, which naturally calls for contradiction ......": *Moore v. Smith,* 14 S. & R. 388, 393.

Although the significance of silence ordinarily is for the jury (*Trainer v. Fort,* 310 Pa. 570, 165 A. 232) yet where, as here, silence is consistent with innocence, a jury should not be permitted to say otherwise. Any customer at the nearby vegetable counter might have caused the carrot tops as well as the paper which concealed them, to drop to the floor. Since the manager was excited and angry in accusing the boy, it was only natural and perhaps was the part of wisdom for the boy to postpone his answer to a calmer occasion. In our view the circumstances imposed no duty upon the boy to speak and the jury should not have been permitted to infer from his silence that he was responsible for the dangerous condition. Accordingly, plaintiffs' case falls for want of proof of defendant's negligence.

The judgments are reversed and here entered for defendant n. o. v.