641 A.2d 652

**GANCOM, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 11, 1994.

Decided April 18, 1994.

Paul J. Dellasega, for petitioner.

Sarah Yerger–Nauss, Asst. Counsel, for respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Gancom (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision to award unemployment benefits to Booker T. Bates (Claimant). We affirm.

Employer discharged Claimant for willful misconduct when he allegedly failed a drug test, indicating a violation of Employer's policy against the use of controlled substances. Claimant applied for benefits to the Job Center which found Claimant ineligible to receive benefits under 402(e) of the Unemployment Compensation Law.[1] Claimant appealed and following a hearing at which both parties presented evidence, the referee granted benefits to Claimant, concluding that Employer did not meet its burden of proving willful misconduct because it did not show that Claimant had actually failed the drug test.

Employer appealed to the Board, which affirmed the referee's decision. The Board made the following pertinent findings of fact:

2.  The employer has a policy prohibiting the use of a controlled substance.

3.  The claimant was aware of the employer's policy.

4.  The claimant had received a prior warning regarding violation of the employer's policy on drug and controlled substance abuse.

5.  On April 10, 1993, the claimant worked two hours of his scheduled shift and left work for the day.

6.  On April 12, 1993, the claimant arrived at work late for his scheduled shift.

7.  Due to the claimant's prior history of dependancy [sic] problems and these two instances of poor attendance, the

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e), which states in pertinent part:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e) In which his unemployment is due to his discharge ... for willful misconduct connected with his work.

employer ordered the claimant to take a drug screening test.

8. The claimant took the drug screening test.

9. On April 16, 1993, the claimant was involuntarily discharged by the employer for allegedly failing the drug test given to him.

10. There is no substantial evidence of record to support the allegation that the claimant failed the drug test.

(Board's Findings of Fact, Nos. 2–10.) The Board explained that Employer offered only the test results as evidence to show that Claimant failed the drug test. Reasoning that the test results were inadmissible hearsay which is not competent to support a finding of fact, the Board concluded that Employer did not prove willful misconduct.

On appeal,[2] Employer argues that: (1) the Board erred as a matter of law in characterizing the drug test results as inadmissible hearsay evidence, and thus not competent to support a finding of fact, and (2) the Board erred as a matter of law in failing to remand under *Philadelphia Electric v. Unemployment Compensation Board of Review*, 129 Pa.Commonwealth Ct. 417, 565 A.2d 1246 (1989) because the admission of the test results into evidence misled and prejudiced Employer.

■ Employer's first argument is that the Board erred in concluding that the drug test results, although hearsay, could not support a finding that Claimant failed the drug test. The rule regarding hearsay evidence is set forth in *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976) (emphasis omitted), as follows:

(1) Hearsay evidence, properly objected to, is not competent evidence to support a finding of the Board.

**2.** Our scope of review is limited to determining whether the claimant's constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *Steinberg Vision Associates v. Unemployment Compensation Board of Review*, 154 Pa.Commonwealth Ct. 486, 489, 624 A.2d 237, 239 (1993).

(2) Hearsay evidence, admitted without objection, will be given its natural probative effect and may support a finding of the Board, if it is corroborated by any competent evidence in the record, but a finding of fact based solely on hearsay will not stand.

Here, the test results were admitted without objection; therefore, the second prong of *Walker* applies.

Employer contends that the test results may support a finding of the Board because they were corroborated by Claimant himself when he admitted: "I kind of knew [the termination] was coming because of the positive urinalysis." (R.R. at 28A.) We disagree. In this case, Claimant had every reason to believe that a positive urinalysis would lead to his termination because he had been warned in a letter that the next episode of drug abuse would subject him to immediate discharge.[3] In fact, Claimant had been told he was discharged because the test results were positive.[4] However, Claimant's alleged "admission" did not acknowledge the truth of Employer's information; rather, it was made in the context of remarks denying that he ever went to work under the influence of drugs.[5] Therefore, Claimant's statement could not act to corroborate hearsay evidence presented by Employer.

3. Claimant was warned in a letter that any further incident of drug abuse that interferes with his attendance or performance will subject Claimant to immediate termination. (R.R. at 18A and 59A.) Employer acknowledged that such a warning had been given (R.R. at 26A), and the Board found that a prior warning had been issued. (Board's Finding of Fact, No. 4.)

4. The following exchange took place between the referee and Claimant:
   R: Were you told why you were discharged?
   C: I was told I was discharged because I tested positive for [sic] second time for cocaine.
   (R.R. at 27A.)

5. Claimant stated: "I did the job to the best of my ability, and I never went to the job under the influence. I went to the job a couple times after being under the influence when it was wearing off, but I never went to the job under the influence." (R.R. at 28A.) *See McKinney v. Unemployment Compensation Board of Review*, 117 Pa.Commonwealth Ct. 168, 543 A.2d 598 (1988), where although a claimant stated on the Summary of Interview form that his drug test was positive, we held that it was not an admission because the claimant went on to question the validity of the test.

Employer also argues that Claimant's failure to deny that the drug test was positive constitutes corroboration of the results. We disagree. Employer claims to rely on the rule expressed in *Smith v. American Stores Co.*, 156 Pa.Superior Ct. 375, 379, 40 A.2d 696, 698 (1945), stating this rule as:

> [t]he failure of a party to reply to a statement made in his presence or hearing is significant only where the nature of the statement, and the circumstances under which it was made, are such as [to] render a reply natural and proper.

Based on this language, Employer contends that because denial would be natural, Claimant's silence should be deemed assent. However, Employer has omitted a portion of the rule, the remainder of which provides:

> if one is restrained by fear or doubt as to his rights, or by the belief that his interests will be best promoted by his silence, then no inference of assent can be drawn from that silence. 'Nothing can be more dangerous than this kind of evidence; it should always be received with caution, and never ought to be, unless the evidence is of direct declarations of that kind, which naturally calls for contradiction.'

*Id.* at 380, 40 A.2d at 698. We do not believe the rule is applicable here because the record contains no evidence of an accusation made in the presence of Claimant where Claimant failed to respond. What Employer would have us do is satisfy his burden of proof by relying on Claimant's silence. This we will not do.[6]

■ Employer also contends that the Board erred by failing to remand the case under *Philadelphia Electric* because the referee's admission of the test results at the hearing misled and prejudiced Employer.[7] However, Employer's reli-

---

6. Although the Board may draw an adverse inference from a party's silence, such an inference cannot be used as a substitute for the employer's failure to introduce substantial evidence to meet its burden of proving that an employee's discharge resulted from willful misconduct. *Highland Park Center v. Unemployment Compensation Board of Review*, 94 Pa.Commonwealth Ct. 390, 503 A.2d 1037 (1986).

7. In *Philadelphia Electric*, following a proper hearsay objection to the admission of drug test results into evidence, the referee nevertheless overruled the objection and admitted the drug test results for their

ance on *Philadelphia Electric* is misplaced. There are two prongs to the *Walker* hearsay rule; *Philadelphia Electric* dealt with the first prong; i.e., the competency of hearsay evidence admitted over a proper objection. However, the issue in the case before us involves the second prong; i.e., the competency of hearsay evidence admitted *without* objection and without corroboration by any other competent evidence. Absent an evidentiary ruling by the referee admitting hearsay evidence over a proper objection, there is nothing in the record to mislead or prejudice Employer. Therefore, the rationale in *Philadelphia Electric* would be inappropriate here. In accordance with the second prong of the *Walker* hearsay rule, once the hearsay evidence was admitted without objection, Employer had the burden to produce other competent evidence to corroborate it; this he failed to do.

Accordingly, we affirm.

## ORDER

AND NOW, this 18th day of April, 1994, the order of the Unemployment Compensation Board of Review, dated August 17, 1993, is affirmed.

---

probative value. After the record was closed, thus precluding the presentation of corroborating evidence, the referee rejected the drug test results as hearsay. This Court stated:

> [f]or the referee to discredit completely and eviscerate the value of the only relevant evidence on this issue on the grounds that the reports were hearsay *after* they had been once admitted, was, we believe, prejudicial to Employer.

*Id.*, 129 Pa.Cmwlth. at 425, 565 A.2d at 1249, (emphasis in original).