### L. WASHINGTON & ASSOCIATES, INC., Petitioner,

v.

### UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 1995.

Decided June 9, 1995.

Reargument Denied July 28, 1995.

Brian M. Fleischer, for petitioner.

Judith M. Gilroy, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS, President Judge, NEWMAN, J., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

L. Washington & Associates, Inc. (Employer) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision and order granting benefits to John Short (Claimant).

Claimant was employed by Employer as a security guard. Claimant was discharged from his position with Employer on May 9, 1994. Thereafter he applied for benefits with the Philadelphia West Job Center stating in a summary of interview form that he was discharged from his position with Employer and that he was unaware of the reasons for said discharge. Because Employer failed to provide a written response regarding why Claimant was discharged, the job

center, in a determination issued on June 9, 1994, granted Claimant benefits.

Employer appealed the job center's determination alleging that Claimant was discharged based upon his willful misconduct in violation of Section 402(e) of the Pennsylvania Unemployment Compensation Law.[1] A hearing was scheduled before the referee for July 11, 1994. Only Lanxton L. Washington (Washington), the president and owner of Employer, appeared before the referee for the scheduled hearing. Washington testified that on May 9, 1994, while Claimant was on duty, a safe was stolen from the office building Claimant was supervising for Employer. Washington further testified that he investigated the incident and was told that Claimant was observed sleeping on the job that evening. Washington testified that he confronted Claimant with this information and that Claimant failed to deny that he had been sleeping. Washington further stated that two persons informed him in the course of his investigation of the robbery that Claimant had left a handicap door open which he was responsible for keeping locked throughout his shift. Claimant denied that he left the handicap door opened when confronted by Washington. Washington testified that Claimant was discharged for sleeping on the job and failing to lock a handicap door.

The referee issued its decision and order on July 14, 1994, affirming the job center's determination. The Board, on August 23, 1994 affirmed the referee concluding that Employer failed to meet its burden of demonstrating Claimant's willful misconduct. The Board so concluded because Employer "did not provide any firsthand testimony establishing the claimant" was sleeping on the job or failed to lock a door as alleged. (R.R. 38).

On appeal,[2] Employer asserts that the Board erred in concluding that it failed to meet its burden of proving that Claimant committed willful misconduct based upon its failure to provide firsthand testimony establishing that Claimant was sleeping on the job, i.e., that Employer submitted only hearsay evidence. Employer maintains that Claimant's failure to deny he was sleeping on the job when confronted with this information by Washington constituted an admission, an exception to rule excluding hearsay evidence. Accordingly, Employer asserts that this testimony constituted substantial evidence supporting a finding that Claimant was, in fact, sleeping on the job. We agree and reverse the Board's determination.

It is without question that if Claimant was, in fact, sleeping on the job, such behavior would constitute willful misconduct disqualifying him from receiving unemployment compensation benefits. *Kelley v. Unemployment Compensation Board of Review*, 59 Pa.Commonwealth Ct. 304, 429 A.2d 1227 (1981). The only issue here is whether or not Employer presented evidence to support its allegation to this effect.

Employer correctly points to the rule that one's silence may constitute an admission, even in civil proceedings. *Burton v. Horn & Hardart Baking Co.*, 371 Pa. 60, 88 A.2d 873 (1952); *Levin v. Van Horn*, 412 Pa. 322, 194 A.2d 419 (1963). Specifically, in *Levin*, the Pennsylvania Supreme Court set forth, in relevant part, the following regarding this rule:

> The rule is thus stated, in 31 C.J.S. Evidence, § 295: The failure of a party to reply to a statement made in his presence or hearing is significant only where the nature of the statement, and the circumstances under which it was made, are such as render a reply natural and proper ...

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(c), which provides, in pertinent part, as follows:

 An employee shall be ineligible for compensation for any week—

 . . . .

 (c) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, ...

2. Our scope of review is limited to determining whether an error of law was committed and whether there was a capricious disregard of competent evidence, where, as here, the burdened party is the only party to present evidence and does not prevail. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

Silence is considered an admission, only when the circumstances are such that one ought to speak and does not. . . .

*Levin,* 412 Pa. at 327, 194 A.2d at 421. (Citations omitted).

Here, we hold that the circumstances were such that "one ought to speak and does not." Specifically, Claimant was confronted by the owner of the company he worked for pursuant to an investigation into a robbery which occurred at the location were Claimant was working as the posted security officer. He was told by his employer that his investigation into the matter revealed that he, Claimant, had been sleeping on the job. Surely, under these circumstances, Claimant, had he not been sleeping, should have responded; however, Claimant failed to do so. Accordingly, his silence constituted an admission of the asserted conduct.

 An admission is admissible in evidence as an exception to the hearsay rule in Pennsylvania. Further, an admission can be used as substantive evidence to prove the truth of the matter asserted. *Gougher v. Hansler,* 388 Pa. 160, 130 A.2d 150 (1957). Here, Washington's testimony that Claimant did not deny sleeping on the job when confronted with this information, constituted substantive evidence that Claimant was, in fact, sleeping on the job. As no evidence was presented to contradict this testimony, we conclude that there was substantial evidence of record presented by Employer demonstrating Claimant's willful misconduct.[3] Accordingly, the Board erred in its conclusion that Employer failed to meet its burden of demonstrating Claimant's willful misconduct and we, therefore, reverse its decision and order.

### ORDER

AND NOW, this 9th day of June, 1995, the order of the Unemployment Compensation Board of Review dated August 23, 1994 is reversed.

NEWMAN, Judge, dissenting.

I respectfully dissent. In reversing the order of the Board, the majority applies the common law principle that an individual's silence may constitute an admission. By so doing, the majority disregards our Supreme Court's caveat that this rule should rarely be applied in civil proceedings.

In *Levin v. Van Horn,* 412 Pa. 322, 194 A.2d 419 (1963), a husband and his wife brought separate negligence actions against a doctor and a nursing home. Before the initiation of suit, the husband had requested payment from the doctor for subsequent treatment undergone by his wife. Specifically, the husband called the doctor and accused him of negligently introducing a staphylococcus infection into his wife's knees during the course of treatment. During the conversation, the doctor did not answer the husband's accusations. At trial, the husband and his wife attempted to introduce the doctor's silence to the husband's statements as evidence of an admission of the doctor's negligence. The trial court rejected the evidence.

On appeal, our Supreme Court affirmed the trial court's refusal to admit the evidence. The Court expressly noted the difference in applying the rule in a criminal as opposed to a civil proceeding. The Court quoted with approval the following statement by our Superior Court:

On an accusation of negligence giving rise to a civil action, if one is restrained by fear or doubt as to his rights, or by the belief that his interests will be best promoted by his silence, then no inference of assent can be drawn from that silence. *'Nothing can be more dangerous than this kind of evidence, it should always be received with caution, and never ought to be, unless the evidence is of direct declarations of that kind, which naturally calls for contra-*

3. We note our appreciation of the fact that Claimant failed to appear at the hearing before the referee and, thus, failed to present evidence contradicting the testimony given by Washington at the hearing. However, our review of the record demonstrates that Claimant was provided with notice of the hearing at his last known address and the rule in this Commonwealth has long been that a referee should decide unemployment compensation cases on their merits, even in the absence of one or both parties. *Gadsden v. Unemployment Compensation Board of Review,* 84 Pa.Commonwealth Ct. 375, 479 A.2d 74 (1984).

diction....' *Moore v. Smith*, 14 Serg. & R. 388, 393.

*Levin*, 412 Pa. at 328, 194 A.2d at 421 *quoting Smith v. American Stores Company*, 156 Pa.Superior Ct. 375, 379, 40 A.2d 696, 698 (1944) (emphasis added).

In *Burton v. Horn and Hardart Baking Company*, 371 Pa. 60, 88 A.2d 873 (1952), an elderly lady slipped while going down the steps of one of defendant's restaurants. The elderly lady's daughter confronted the restaurant's manager who did not respond to the daughter's accusations of fault. At trial, the plaintiff attempted to elicit testimony from her daughter indicating that the manager admitted liability in light of his silence to the daughter's allegations. The trial court held that such evidence was inadmissible. Our Supreme Court agreed and stated:

> Plaintiff's theory of admissibility must therefore depend upon an admission by an agent through silence. But, 'The maxim 'silence gives consent' is not a precise rule of evidence. The general principle of relevancy tells us that the inference of assent may safely be made only when no other explanation is equally consistent with silence.' In the instant case the manager's silence may well have been motivated by a desire to avoid a dispute with this customer whose mother had just been injured. We therefore decide that such evidence was properly rejected.

*Id.*, at 63–64, 88 A.2d at 875 (footnote and citations omitted).

Professors Leonard Packel and Anne Bowen Poulin have appropriately summarized our Supreme Court's holdings in *Levin* and *Burton* as follows:

> The implied admissions rule is applicable in civil as well as criminal cases. *But in civil cases, the courts are much more likely to rule that there was not an implied admission because there was a valid reason for silence other than assent.*

Packel and Poulin, Pennsylvania Evidence, § 805.2 (1987) (emphasis added).

In the matter *sub judice*, the majority believes that under the facts of this case, Claimant had an obligation to deny that he was sleeping. Majority opinion at 1149. I strenuously disagree. It is reasonable to assume that Claimant's silence to Employer's question was for a valid reason other than assent. Namely, at the time that Claimant was questioned, Employer was investigating a robbery that allegedly occurred during Claimant's shift. Thus, as our Supreme Court in *Levin* aptly stated, Claimant may have been restrained by fear or doubt as to his rights, or by the belief that his interests would be best promoted by his silence. Accordingly, I would hold that no inference of assent can be drawn from Claimant's silence.