680 A.2d 1178

**Marvin W. FACTOR and Kathleen M. Factor, Appellants,**

v.

**BICYCLE TECHNOLOGY, INC. and Specialized Bicycle Components and Shimano Industrial Co., Ltd.**

v.

**GIANT MANUFACTURING COMPANY, LTD.**

Superior Court of Pennsylvania.

Argued April 17, 1996.

Filed July 23, 1996.

David F. Binder, Philadelphia, for appellants.

Thomas A. Kuzmick, Philadelphia, for Giant Manufacturing Company, appellee.

Before JOHNSON, HOFFMAN and OLSZEWSKI, JJ.

JOHNSON, Judge:

In this appeal, the primary question we are asked to resolve is the following: Did the trial court err in denying the motion for a new trial made by Marvin and Kathleen Factor despite the fact that the Factors made a fully informed and knowledgeable choice to permit the case to proceed to the jury without making a motion for a mistrial? Because we find no error, we affirm the judgment entered against the Factors and in favor of Giant Manufacturing Co., Ltd. ("Giant").

Marvin Factor was injured in a bicycle accident involving a bicycle partially assembled by Giant. Factor alleged that the front wheel of the bicycle prematurely disengaged as he avoided a depression in a dirt path, causing him to be thrown onto his head and causing, *inter alia,* partial quadriplegia. Factor further alleged that the bicycle was defective in that it lacked a redundant retention device for the front wheel, and that this defect caused his injuries. After a week-long trial, the jury answered the special interrogatory "Do you find the front wheel came off the ... bicycle causing Mr. Factor's accident?" in the negative, thus obviating the need for responses to any other special interrogatories. This answer was molded into a verdict for Giant and led to the judgment appealed from in this instance.

The Factors filed a timely motion for post-trial relief seeking a new trial. The Factors contended that the verdict was against the weight of the evidence and that

> the trial court erred when it denied [the Factors'] request to strike and/or instruct the jury to disregard the testimony, in whole or part, of Giant's expert witness on liability, Ward Curtis, after Mr. Curtis gave crucial testimony that was (a) misleading, (b) deceptive, and (c) inconsistent with and beyond the fair scope of his written report, all in violation of Pa.R.Civ.P. 4003.5(c).

Trial Court Opinion, dated October 31, 1995, at 2–3. Upon motion by Giant, the Factors' post-trial motion was heard by a trial court *en banc,* which denied the motion. This appeal followed.

The Factors' first contention on appeal is that the jury's answer to the first special interrogatory was against the weight of the evidence. Authority to grant a new trial on the grounds that the verdict was against the weight of the evidence is within the discretion of the trial court; the question on appeal is "whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the outcome of the case." *Nigro v. Remington Arms Co., Inc.,* 432 Pa.Super. 60, 637 A.2d 983 (1993), *appeal dismissed,* 540 Pa. 49, 655 A.2d 505 (1995); *accord Thompson*

*v. City of Philadelphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985).

Here, the Factors contend that "all of the witnesses who were near the scene of the accident testified either that they saw the wheel come off, or saw the wheel off the bicycle immediately after the accident." Brief of Appellant at 12. Despite this assertion, the trial court found, and the record supports the finding, that "[n]one of the witnesses purported to have seen the wheel coming off the bicycle as the accident was actually occurring." Trial Court Opinion, *supra,* at 3. The Factors did present the testimony of several witnesses who saw either an unattached wheel or a bike missing a wheel at varying times after the accident, but Giant presented the conflicting testimony of the first police officer to arrive at the scene. A new trial should not be granted upon a mere conflict in testimony, *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984), but only where the jury's verdict shocks the sense of justice of the reviewing body, *Thompson, supra,* at 597–98, 493 A.2d at 672. The trial court properly refused the Factors' request for a new trial on this basis.

The Factors' second contention on appeal is that the trial court's failure to strike the testimony of Giant's expert witness, Ward Curtis, or at least to instruct the jury to disregard that testimony, requires a new trial. This contention is without merit. The trial court summarized relevant portions of Curtis's testimony as follows:

[Curtis testified that he inspected the bicycle involved in this case and admitted into evidence] and that he found no evidence on [it] to support the claim that the front wheel prematurely released. He then came off the stand, showed the bicycle ... to the jury, and told the jury, among other things, that the lack of any broken spokes, or damage to the spokes, and the lack of any markings on the rim of the front wheel, led him to form his opinion that the wheel did not come off in the course of Mr. Factor's accident.

On cross-examination, when questioned about his direct testimony, Curtis stated that in his opinion the front wheel

on the bicycle in evidence was not the front wheel that had been on the bicycle at the time of the accident.

Curtis admitted that he had been hired, on behalf of Giant, the previous year, that he had inspected Mr. Factor's bicycle ... almost six months prior to his testimony, and that he wrote a report that said nothing about the front wheel not being the wheel that was on the bicycle at the time of the accident.

Opinion, *supra*, at 32–33. A conference was held out of the presence of the jury regarding Curtis's testimony. The trial judge noted that one option available to the Factors was a motion for a mistrial; the Factors declined to make such a motion, and instead requested that the trial judge strike Curtis's testimony or instruct the jury to disregard it. The trial court denied the Factors' request. Upon this denial, the Factors neither sought a continuance to assemble rebuttal testimony, nor did they offer any instructions to the court in response to the court's direction, given with its denial of the Factors' motion, to "give me a formal written request [for a point for charge regarding Curtis] and then I can decide what to do with it." N.T., October 17, 1994, at 36. Further, as the trial court noted, the court also "gave additional instructions to the jury that they could consider, among other things, the fact that [Curtis] had expressed at the trial an opinion that was not in his report." Opinion, *supra*, at 9.

██ Our supreme court has noted that "[h]owever difficult some strategic decisions are to trial counsel, a party is bound by his or her counsel's actions and if an issue is waived on strategic grounds or by inadvertence, it is waived." *McMillen v. 84 Lumber, Inc.*, 538 Pa. 567, 649 A.2d 932 (1994) (finding waiver of right to new trial upon failure of appellees to make timely request for declaration of a mistrial). The Factors attempt to distinguish *McMillen* on the grounds that the *McMillen* appellees "received all [they] asked for in the court below," Brief of Appellants at 18, while the Factors' motion for relief short of a mistrial was denied. We do not, however, find this distinction to be dispositive. Where, as in the instant case, a party makes a fully informed and knowledgeable choice

32

to permit a case to go before the jury without a motion for a mistrial despite alleged trial defects, any right to a new trial based on such defects is waived.

Judgment AFFIRMED.