**Barrett v. Seprosky**

C.P. of Lackawanna County, no. 95 Civil—431.

*Richard S. Campagna,* for plaintiff.
*Paul A. Barrett,* for defendant.

CORBETT, *J.,* February 18, 1999—Before the court is plaintiff's motion for post-trial relief. This case arises out of plaintiff's claim of defamation against defendant. A jury trial was conducted before a special trial master on June 3 and 4, 1998. The jury rendered a verdict in favor of defendant, finding that the defendant did not make a defamatory statement about the plaintiff. On June 10, 1998, plaintiff filed the instant post-trial motion seeking a new trial. Oral argument was heard before this court on November 4, 1998. However, trial transcripts were not available at that time. The court ordered the plaintiff to obtain trial transcripts and permitted the parties to file supplemental briefs. Thus, the matter became ripe for disposition on January 19, 1999. The parties have briefed their respective positions and the matter is now ripe for disposition.

## FACTS

On June 13, 1995, plaintiff filed a complaint claiming, inter alia, that defendant made a defamatory statement about her. Specifically, plaintiff claimed that the defendant told a close friend of his that the plaintiff had gonorrhea. Thus, plaintiff claimed that the statement constituted defamation per se because defendant's statement imputed to plaintiff a loathsome disease, thus entitling plaintiff to damages. A jury trial was held before a special trial master on June 3 and 4, 1998. The jury concluded that the defendant did not make a defamatory statement about the plaintiff and returned a verdict in favor of defendant.

Plaintiff now seeks a new trial on several grounds. First, plaintiff contends that the court erred in charging the jury that they could find defamation per se if they believed plaintiff's witnesses. Thus, plaintiff argues that the trial court's instruction misled the jury by implying that the jury's finding should be based solely on plaintiff's evidence, rather than on all the evidence. Second, plaintiff argues that the court erred in refusing to charge the jury that defendant's testimony amounted to a binding admission because the defendant did not affirmatively deny making the statement. Thus, plaintiff contends that defendant's failure to deny making the statement constitutes an admission by silence against his pecuniary interests. Finally, plaintiff asserts that the jury's verdict was contrary to the law and the evidence. We will address each of plaintiff's arguments in turn.

## DISCUSSION

Rule 227.1 of the Rules of Civil Procedure governs the standard for post-trial relief following a jury trial. The rule provides:

"(a) After trial and upon the written motion for post-trial relief filed by any party, the court may

"(1) order a new trial as to all or any of the issues; or

"(2) direct the entry of judgment in favor of any party; or

"(3) remove a nonsuit; or

"(4) affirm, modify or change the decision or decree nisi; or

"(5) enter any other appropriate order." Pa.R.C.P. 227.1(a).

Thus, the rule authorizes the court to grant post-trial relief upon motion of the parties. See Pa.R.C.P. 227.1. (Explanatory comment—1983.) With this standard in mind, we now turn to plaintiff's arguments.

## I. *The Defendant's Testimony Constitutes an Admission*

Plaintiff argues that the special trial master erred in not charging the jury that the defendant's testimony constituted a binding admission that defendant made the defamatory statement. Here, plaintiff argues that the defendant's failure to deny that he made the statement at issue amounts to an admission by silence because the circumstances surrounding the statement would compel the defendant to deny making the statement. Plaintiff raised the issue before the special trial master and requested a specific charge to that effect. However, the special trial master disagreed with plaintiff that the defendant's testimony constituted an admission. Therefore, the special trial master refused to read the requested charge that defendant's testimony constituted an admission.

In Pennsylvania, "[a]n admission is admissible in evidence as an exception to the hearsay rule . . . ." *L. Wash-*

*ington & Associates Inc. v. Unemployment Compensation Board of Review,* 662 A.2d 1148, 1150 (Pa. Commw. 1995) (citing *Levin v. Van Horn,* 412 Pa. 322, 194 A.2d 419 (1963)). Moreover, "an admission can be used as substantive evidence to prove the truth of the matter asserted." *Id.* at 1150 (citing *Gougher v. Hansler,* 388 Pa. 160, 130 A.2d 150 (1957)). Thus, "[t]he failure of a party to reply to a statement made in his presence or hearing is significant only where the nature of the statement, and the circumstances under which it was made, are such as [to] render a reply natural and proper . . . ." *L. Washington & Associates Inc.* at 1149 (quoting *Levin,* 412 Pa. at 327, 194 A.2d at 421); see also, 31 C.J.S. Evidence, §295.

The Commonwealth Court more fully explained the rule in *Gancom v. Unemployment Compensation Board of Review,* 163 Pa. Commw. 423, 641 A.2d 652 (1994). There, the court stated:

"[I]f one is restrained by fear or doubt as to his rights, or by the belief that his interest will be best promoted by his silence, then no inference of assent can be drawn from that silence. 'Nothing can be more dangerous than this kind of evidence; it should always be received with caution, and never ought to be, unless the evidence is of direct declarations of that kind, which naturally calls for contradiction.'" *Gancom* at 428, 641 A.2d at 654 (quoting *Smith v. American Stores Co.,* 156 Pa. Super. 375, 380, 40 A.2d 696, 698 (1945)).

Plaintiff contends that the defendant's failure, at trial, to deny making the statement is tantamount to an admission. We disagree. Our review of the record leads us to conclude that the defendant's trial testimony did not constitute an admission. First, it is important to note that the rule as explained above is an exception to the hearsay

rule, and thus contemplates an out-of-court statement. Specifically, the rule contemplates the admissibility of a person's silence in the face of an out-of-court statement against that person's interest where the circumstances would ordinarily require that person to affirmatively deny the content of the statement. Thus, the rule does not apply in a situation such as this where the party charged with making the admission is available and testifies in court.

The record before us reveals no evidence of an accusation made in the defendant's presence where the defendant failed to respond. Here, on cross-examination of the defendant, plaintiff's counsel did not directly ask the defendant if he made the alleged defamatory statement. In fact, the entire cross-examination went as follows:

"Q. This information about Mrs. Barrett being married twice before I assume you got that in the course of taking a history as a patient?

"A. On my routine history form, yes.

"Q. And that she had two teenage children as part of the history?

"A. They were both patients of mine, yes.

"Q. You ever treat her with penicillin for anything?

"A. In actuality I probably did for a sore throat or cold or bronchitis.

"Q. When you said to Mr. Stager that if he fooled around with her he would need penicillin you weren't referring to a sore throat, were you?

"A. No, I was not.

"Q. I have no further questions."

Thereafter, the witness was excused. From this exchange, it is evident that plaintiff's counsel did not confront the defendant with the question of whether he ac-

tually made the defamatory statement. Thus, the defendant was not faced with having to admit or deny, or not respond to the question. Seemingly, plaintiff's counsel left that question as an inference to be argued to the jury and left to their determination. Therefore, we cannot conclude, based upon the record before us, that the defendant made a binding admission by silence. Accordingly, plaintiff's argument in this respect must fail.

## II. *The Special Trial Master Erred in Charging the Jury*

Having determined that plaintiff's first argument fails, it is not necessary to address plaintiff's argument that the special trial master erred in not charging the jury on that point. However, plaintiff also raises the argument that the special trial master erred in charging the jury that it could find defamation per se if they believed plaintiff's witnesses, thereby implying that the jury need not consider the balance of the evidence. At the close of the court's charge, plaintiff objected to the instruction that the jury could find defamation per se if it believed the plaintiff's witnesses on the grounds that the defendant made a binding admission on the stand.

The standard for grant or denial of a new trial based on asserted error in the trial court's charge to the jury was set out by this court in *Bohan v. Window Associates Inc.,* 99 Lacka. Jur. 50, 51 (1998). We note that a thorough review of the pertinent case law reveals that the applicable standard has remained unchanged since we rendered our decision in that case. For the sake of clarity, we set forth that standard here.

"A trial judge's instruction to the jury is a critical component of the judicial system for it guides the jury in

making a just and proper decision." *Duquesne Light v. Woodland Hills School District,* 700 A.2d 1038, 1046 (Pa. Commw. 1997). "[T]he jury instruction must accurately inform the jury of the law applicable to the case." *Id.* (citing *Commonwealth v. Prosdocimo,* 525 Pa. 147, 578 A.2d 1273 (1990)). Thus, an error of law or abuse of discretion in the trial court's instruction constitutes reversible error. *Id.*

"[A] trial court is bound to charge only on that law for which there is some factual support in the record." *Lockhart v. List,* 542 Pa. 141, 147, 665 A.2d 1176, 1179 (1995). It is well settled in Pennsylvania that refusal to give a requested jury instruction containing a correct statement of the law is grounds for new trial unless the substance of it has been covered in the court's charge. *Commonwealth v. McComb,* 462 Pa. 504, 341 A.2d 496 (1975); see also, *Santarlas v. Leaseway Motorcar Transport Co.,* 456 Pa. Super. 34, 37-38, 689 A.2d 311, 312 (1997); *Pascale v. Hechinger Co. of Pa.,* 426 Pa. Super. 426, 431, 627 A.2d 750, 752 (1993); *Butler v. DeLuca,* 329 Pa. Super. 383, 391, 478 A.2d 840, 844 (1984). A jury charge must be examined in its entirety to determine if there was prejudicial error. *Santarlas* at 38, 689 A.2d at 312. Moreover, error will be found where the jury was misled or where there was an omission, which amounts to a fundamental error. *Id.* (citing *Lockhart,* 542 Pa. at 147, 665 A.2d at 1179). Finally, "[a]n omission to charge which leaves the jury without discretion on an important question, or which plainly tends to mislead them, is cause for reversal." *Furey v. Thomas Jefferson University Hospital,* 325 Pa. Super. 212, 227, 472 A.2d 1083, 1091 (1984).

We find that the court's charge, when read in its entirety, accurately informed the jury of the law applicable to the case. We disagree that the jury charge misled the jury that it could only find defamation per se if it believed plaintiff's witnesses. The special trial master adequately informed the jury of its function and that it must determine the facts from *all* the evidence. (N.T. at p. 162.) (emphasis added)

Again, plaintiff objected at trial to the court's charge based on the fact that the defendant made a binding admission. However, the special trial master disagreed and refused to find as a matter of law that the defendant's testimony constituted a binding admission. Consistent with our analysis above, we agree with the special trial master that the defendant's testimony did not amount to a binding admission. Thus, there is no factual support in the record to support a charge on a binding admission as plaintiff requested.

### III. *The Jury Verdict Was Contrary to the Evidence and the Law*

Authority to grant a new trial on the grounds that the verdict was against the weight of the evidence is within the sound discretion of the trial court. *Factor v. Bicycle Technology Inc.*, 452 Pa. Super. 26, 29, 680 A.2d 1178, 1180 (1996). On appeal, the question is whether the trial court clearly abused its discretion or committed an error of law that controlled the outcome of the case. *Id.* "A new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Randt v. Abex Corp.*, 448 Pa. Super. 224, 231, 671 A.2d 228,

233 (1996) (citing *Thompson v. City of Philadelphia,* 507 Pa. 592, 493 A.2d 669 (1985)). However, a new trial should not be granted upon a mere conflict in testimony. *Factor,* 452 Pa. Super. at 30, 680 A.2d at 1180 (citing *Baldino v. Castagna,* 505 Pa. 239, 478 A.2d 807 (1984)).

In the case at bar, plaintiff's argument that the jury verdict was contrary to the evidence and the law, hinges on the argument that the defendant made a binding admission by failing to deny, making the defamatory statement. Again, since we have already addressed that issue and determined that the trial court did not abuse its discretion or commit an error of law, plaintiff's argument in that regard must fail. Therefore, we must determine whether the jury's verdict is so contrary to the evidence as to shock one's sense of justice.

Our review of the record as a whole reveals that conflicting testimony was presented as to the substance of the alleged defamatory statement. Plaintiff testified that her boyfriend, Tod, told her that the defendant said that she had "the clap." (N.T. at p. 43.) Mr. John Stager testified that the defendant told him not to fool around with the plaintiff or Mr. Stager would need a penicillin shot. (N.T. at p. 78.) However, on cross-examination Mr. Stager admitted that the defendant never said that plaintiff had "the clap." (N.T. at p. 79.) Finally, the defendant testified that he told Mr. Stager to stay away from the plaintiff because she was trouble for him (Mr. Stager) and that if he did become involved with her he would need a penicillin shot. (N.T. at pp. 83-84.)

Here, the jury was faced with a conflict of testimony regarding the substance of the statement made by the defendant. "A jury is entitled to believe all, part, or none of the evidence presented." *Randt, supra* at 234, 671 A.2d

at 233. Moreover, a jury can believe any part of a witness' testimony and may disregard any portion that they disbelieve. *Id.* "Credibility determinations are for the jury." *Id.* In the case sub judice, the jury was faced with conflicting testimony regarding the substance of the defendant's statement. Therefore, it is reasonable to believe that the jury chose to believe part of plaintiff's witnesses' testimony and part of defendant's witnesses' testimony. Such credibility determinations are best left to the jury and will not be disturbed here. Thus, a new trial is not warranted based on a conflict of testimony. Accordingly, plaintiff's motion for a new trial is denied.

An order consistent with this opinion follows.

## ORDER

Now, February 18, 1999, it is hereby ordered and decreed that plaintiff's motion for post-trial relief is hereby denied, consistent with the foregoing opinion.