613 A.2d 17

COMMONWEALTH of Pennsylvania
ex rel. Patricia BROSCIOUS

v.

Nathan L. FERN.

**Appeal of Patricia BROSCIOUS, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1992.

Filed Aug. 24, 1992.

Michael P. Gregorowicz, Bloomsburg, for appellant.

John R. Gordner, Berwick, for appellee. (Submitted)

Before JOHNSON, FORD ELLIOTT and HOFFMAN, JJ.

JOHNSON, Judge:

Patricia Broscious appeals from an order entered October 8, 1991, which granted summary judgment in favor of Nathan Fern. Broscious also challenges the trial court's refusal to order the parties to submit to additional red blood cell and human leukocyte antigen (HLA) blood testing. We affirm the trial court's denial of additional blood testing and reverse the order of summary judgment.

On May 15, 1989, Broscious filed a claim for child support which alleged that Fern was the father of her son, who was born May 10, 1989. Fern denied paternity and the parties and the child submitted to blood testing on December 19, 1989. Red blood cell tests were performed on these samples

but because the blood specimens were two days old, the laboratory was unable to perform HLA tests.

On May 21, 1990, Broscious filed a motion requesting that the trial court order the parties to submit to an additional extraction of blood so that the HLA tests could be performed. On June 15, 1990, following a stipulation by the parties, the trial court ordered the second extraction of blood for the purpose of performing the HLA tests. The parties and the child submitted to the second extraction of blood on June 21, 1990. The laboratory concluded that the combined results of the HLA and the red blood cell tests excluded Fern as the father of the child.

In July of 1990, Broscious and her child sent a third sample of blood to the same laboratory which had performed the previous tests. The results of Broscious' repeated red blood cell typing were inconsistent with the results of her previous red blood cell typing. The laboratory, unable to account for the inconsistency, recommended that both parties and the child be retested with both red blood cell and HLA tests. On October 9, 1990, Broscious filed a motion requesting the trial court to again order the parties to submit to additional blood testing. Following a hearing on this issue, the trial court denied Broscious' motion. Broscious filed timely exceptions to this order, which were dismissed by the trial court. Broscious then filed an appeal with this court which was quashed, as interlocutory.

On August 30, 1991, Fern filed a motion for Summary Judgment which the trial court granted. It is from this order that Broscious appeals, also raising the issue of whether the trial court erred in failing to order the parties to submit to additional blood testing.

First, Broscious contends that the trial court erred in granting Fern's motion for summary judgment without permitting Broscious to present other evidence of paternity. We agree.

When reviewing the grant of a motion for summary judgment, we view the evidence in the light most favorable to

the non-moving party, who must be given the benefit of all reasonable inferences. *Dorohovich v. West American Ins. Co.*, 403 Pa.Super. 412, 589 A.2d 252 (1991). Any doubt as to existence of a genuine issue of material fact must be resolved against the moving party. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205 (1991). An entry of summary judgment may only be granted where the right is clear and free from doubt. *Id.*, 527 Pa. at 134–135, 589 A.2d at 206; *Lower Lake Dock v. Messinger Bearing Corp.*, 395 Pa.Super. 456, 577 A.2d 631 (1990); Pa.R.C.P. 1035.

■ In the present case, the trial court granted summary judgment based on the results of the blood tests performed on the parties and the child. While, under some circumstances blood tests alone may be used to conclusively exclude an individual from paternity of a particular child, such is not the case here. *See Faust v. Faggart*, 406 Pa.Super. 357, 594 A.2d 660 (1991). Our legislature has addressed this issue in 23 Pa.C.S. § 5104(f) which states:

**(f) Effect of test results.**—If the court finds that the conclusions of all the experts as disclosed by the evidence based upon the tests are that the alleged father is not the father of the child, the question of paternity, parentage or identity of a child shall be resolved accordingly. If the experts disagree in their findings or conclusions, the question shall be submitted upon all the evidence

In this case, the court held a hearing at which the experts agreed that there was no reason to suspect that the first two blood tests were other than reliable and accurate. Yet, based on the results of the third independent test performed on wife's blood, they were reluctant to state that the tests conclusively excluded Fern as the father of the child. Under 23 Pa.C.S. § 5104(f), only if there is no disagreement among the experts in their findings, may the trial court act accordingly and grant judgment for the alleged father. Here, the expert testimony was inconclusive and left open a question of material fact, namely the paternity of the child. Therefore, the trial court could not properly grant summary judgment for Fern. Pa.R.C.P. 1035. The blood tests should properly be submitted

"upon all the evidence" to the finder of fact. 23 Pa.C.S. § 5104.

In addition to arguing against the validity of the results of the blood tests, Broscious should be given the opportunity to offer other evidence, such as the child's physical resemblance to Fern, in her effort to establish Fern's paternity of the child. *Mitchell v. Hopson,* 376 Pa.Super. 166, 545 A.2d 371 (1988); *Tyler v. King,* 344 Pa.Super. 78, 496 A.2d 16 (1985). After the submission of all evidence, it will be for the finder-of-fact to decide whether Broscious has proven by a preponderance of the evidence that Fern is the father of her child.

Second, Broscious alleges that the trial court erred in failing to order duplicate blood tests for the parties and the child. We disagree.

In *Koleski v. Park,* 363 Pa.Super. 22, 525 A.2d 405 (1987), we stated that duplicate blood tests may only be ordered if the proponent proves by a preponderance of the evidence, during a hearing, that the initial blood tests were defective and that subsequent testing is required for an accurate determination of paternity. In this case, the trial court held the required hearing on this issue and found that the initial blood tests were not defective. While evidence was introduced that cast some doubt on the test results, the trial court concluded that Broscious failed to prove by a preponderance of the evidence that the red blood cell and HLA tests were defective. After a thorough review of the record, we are unable to conclude that the trial court erred in this result.

We, therefore, affirm the order of the trial court denying Broscious' request for additional blood testing and reverse the order granting summary judgment and remand for further proceedings consistent with this opinion.