**Roy H. CARSON, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 6, 1998.
Decided April 23, 1998.

Judith E. Wilson, Erie, for petitioner.

Maribeth Wilt-Seibert, Asst. Counsel and Clifford F. Blaze, Deputy Chief Counsel, Harrisburg, for respondent.

Before COLINS, President Judge, KELLEY, J., and McCLOSKEY, Senior Judge.

KELLEY, Judge.

Roy H. Carson (claimant) petitions for review of an order of the Unemployment Compensation Board of Review. The board's order reversed the referee's decision which granted claimant unemployment compensation benefits pursuant to section 402(e) of the Pennsylvania Unemployment Compensation Law (Law).[1] We reverse the order of the board.

Claimant had been employed as a custodial maintenance driver by GECAC (employer) from February 24, 1992 until his termination on April 22, 1997. At the time of his hire, claimant signed a statement acknowledging that he understood employer's drug testing policy. The drug testing policy permits employer to test employees randomly or for cause. In addition, claimant had been informed that employer had begun random drug testing in September 1996.

Based on numerous complaints regarding claimant's driving, employer decided to test claimant for possible drug use. A drug test taken on April 24, 1997 allegedly produced positive results. Consequently, employer suspended claimant without pay and directed claimant to attend drug rehabilitation. While attending the drug rehabilitation program, claimant again allegedly tested positive for drug use. Consequently, employer terminated claimant from his employment.

Claimant filed an application for unemployment compensation benefits with the Erie County Job Center (job center). The job center issued a notice of determination on June 2, 1997 denying claimant unemployment benefits under section 402(e) of the Law. Claimant appealed the determination to the referee. The referee reversed the determination of the job center after a hearing in which claimant and two employer witnesses testified. Based on employer's failure to submit competent evidence of claimant's drug results, the referee concluded that employer did not establish willful misconduct on the part of claimant.

Employer then filed an appeal from the referee's decision to the board alleging that claimant's violation of the employer's drug policy constituted willful misconduct. The board issued a decision and order on September 3, 1997 reversing the referee. The board concluded that claimant's failure to deny that his drug test results were positive permitted the board to find that, in fact, the drug results were positive.[2] Accordingly,

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(e). Section 402(e) of the Act states that an employee shall be ineligible for compensation for any week in which his employment is due to his discharge or temporary suspension from work for willful misconduct connected with his work.

2. We note that employer did submit documentary evidence before the board, but the board did not consider it in its decision. One document simply states that claimant tested positive on the substance abuse drug screen and is signed by "Betty." The other is a letter from Charter Behavioral Health System to employer stating that claimant had tested positive for cocaine on May 28, 1997. The documents obviously support employer's allegations, but are incompetent to support a finding of fact in a legal proceeding.

This documentary evidence is hearsay and does not fall within the business records exception to the hearsay rule. *See Waste Management v. Unemployment Compensation Board of Review,*

the board concluded that claimant engaged in willful misconduct by voluntarily violating employer's drug policy. This appeal followed.[3]

■ We initially note that the burden of proving willful misconduct rests with the employer. *County of Luzerne v. Unemployment Compensation Board of Review,* 148 Pa.Cmwlth. 473, 611 A.2d 1335 (1992). Willful misconduct has been judicially defined as that misconduct which must evidence the wanton and willful disregard of employer's interest, the deliberate violation of rules, the disregard of standards of behavior which an employer can rightfully expect from his employee, or negligence which manifests culpability, wrongful intent, evil design, or intentional substantial disregard for employer's interest or the employee's duties or obligations. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). Whether an employee's conduct constitutes willful misconduct is a question of law subject to this court's review. *Flores v. Unemployment Compensation Board of Review,* 686 A.2d 66 (Pa.Cmwlth. 1996).

■ The issue before this court is whether claimant's failure to deny that drug test results were positive is sufficient to sustain employer's burden that claimant committed willful misconduct.[4] More specifically, we must determine whether claimant's silence regarding his alleged positive drug results should be considered an implied admission. This court held in *L. Washington & Associates v. Unemployment Compensation Board of Review,* 662 A.2d 1148 (Pa.

Cmwlth.1995), that a claimant's failure to respond to an employer's allegations constitutes an admission of those allegations. Since an implied admission is an exception to the hearsay rule, it is admissible as substantive evidence sufficient to support a finding of fact. *L. Washington,* 662 A.2d at 1150.

In *L. Washington,* claimant worked as a security officer at a building where a robbery had occurred. After performing an investigation, employer confronted claimant with reports that he had been sleeping on the job when the robbery took place. When presented with this information, claimant remained silent. Consequently, we held that claimant's silence in the face of employer's averments constituted an admission of the asserted conduct.

We recently applied the holding in *L. Washington* to a case which involved a claimant who had received a positive drug test result. In *McIntyre v. Unemployment Compensation Board of Review,* 687 A.2d 416 (Pa.Cmwlth.1997) *petition for allowance of appeal denied,* 548 Pa. 640, 694 A.2d 624 (1997), claimant had been confronted by his supervisor regarding a positive drug test result for cocaine. Claimant did not deny the assertion, and additionally stated that he had also spoken with the drug testing facility and had been informed of his positive drug result. In accordance with the reasoning of *L. Washington,* we concluded that if the supervisor's assertions against claimant were untrue, claimant should have voiced a denial.

Here, the record is bereft of any circumstances under which it would be expected

---

3. In unemployment cases, our scope of review is to determine whether constitutional rights were violated, an error of law was committed, or necessary facts are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Cmwlth. 92, 525 A.2d 841 (1987).

4. We note that an employee's failure to pass a drug test may constitute willful misconduct for unemployment compensation purposes. *Waste Management v. Unemployment Compensation Board of Review,* 168 Pa.Cmwlth. 633, 651 A.2d 231 (1994), *petition for allowance of appeal denied,* 541 Pa. 629, 661 A.2d 876 (1995).

168 Pa.Cmwlth. 633, 651 A.2d 231 (1994), *petition for allowance of appeal denied,* 541 Pa. 629, 661 A.2d 876 (1995). Employer did not attempt to comply with the conditions precedent set forth in the Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108. Section 6108 states, among other things, that a record of an act shall be competent evidence if the qualified witness testifies to its identity and mode of preparation and the record is made in the regular course of business and in a timely manner such as to justify its admission. Consequently, these documents are not competent to support the board's finding that claimant's drug results were, in fact, positive.

that claimant would deny that he had positive drug test results. Employer did not ask claimant whether his drug test results were positive during the hearing before the referee. In addition, at no point prior to the legal proceedings did claimant fail to deny a positive drug test in the face of a direct assertion by employer.

The circumstances present in this case simply do not support the legal conclusion that claimant should have denied the status of his drug test results. Unlike *L. Washington* and *McIntyre*, there is no competent evidence establishing that claimant tested positive for drug use. We, therefore, conclude that employer failed to prove that claimant engaged in willful misconduct such that his unemployment compensation should be denied.

 We will not penalize claimant for the tactical errors made by employer in this case. Our holdings in *L.Washington* and *McIntyre* are not to be considered as a lessening of employer's burden of proof in a willful misconduct case. It is not appropriate to require a claimant to deny uncorroborated, hearsay allegations raised by an employer at a hearing, particularly when the burden of proof lies with employer. Furthermore, the holdings in *L. Washington* and *McIntyre* should not be considered as a way to circumvent having a qualified individual testify about the results of a medical test.

This case provides an example of our need to proceed cautiously when presented with an alleged admission secured by acquiescence. The nature and circumstances under which an implied admission arises is often an open invitation to manufacture evidence and ambiguity of inference is often present.[5] Consequently, we must always remain mindful of the hazards this type of evidence presents. As our Supreme Court admonished:

> 'Nothing can be more dangerous than this kind of evidence; it should always be received with caution, and never ought to be [received], unless the evidence is of direct declarations of that kind, which naturally calls for contradictions . . . .'

*Levin v. Van Horn*, 412 Pa. 322, 328, 194 A.2d 419, 421 (1963), quoting *Smith v. American Stores Company*, 156 Pa. Superior Ct. 375, 379, 40 A.2d 696, 698 (1945).

Accordingly, the order of the board is reversed.

### ORDER

Now, this 23rd day of April, 1998, the order of the Unemployment Compensation Board of Review, dated September 3, 1997, at No. B–363917, is reversed.

---

5. *See* McCormick on Evidence, § 262 at 461 (4th ed.1992).