# Lilac Meadows, Inc. v. Rivello

C.P. of Lackawanna County, No. 11 CV 4375.

*Steven M. Greenwald,* for plaintiff,
*Matthew T. Comerford,* for defendant Rivello.
*Francis G. Wenzel,* for defendant Panko.

NEALON, *J.,* April 5, 2012—A land development corporation has sued two Old Forge residents for slander based upon oral statements that they allegedly made regarding its land development project during a public meeting of Old Forge Borough Council. One resident has demurred to the slander claim on the ground that his remarks are not capable of a defamatory meaning. Since his alleged comments about the corporation's property and its predecessor-in-interest's approval process do not

constitute slander under Pennsylvania law, that resident's demurrer will be sustained and the slander action against him will be dismissed.

The other resident has also filed preliminary objections and seeks to strike the words "as well as diverse others" in paragraph 17 of the complaint in which the corporation alleges that certain quoted statements "as well as diverse others" were made falsely and with knowledge of their falsity. Since the objectionable language does not properly identify what defamatory statements were made and to whom they were made, the words "as well as diverse others" will be stricken on the ground of insufficient specificity. However, that resident's demurrers based upon the defenses of truth and privilege and her challenge to the corporation's claim for special damages will be overruled.

## I. FACTUAL BACKGROUND

According to the well-pleaded allegations of the complaint which must be accepted as true for purposes of the defendants' preliminary objections, see, *Toney v. Chester County Hospital*, 36 A.3d 83, 99-100 (Pa. 2011), on September 28, 2010, plaintiff Lilac Meadows, Inc. ("Lilac Meadows") purchased land development plans for a project on Edith Street in Old Forge which had been approved by the Pennsylvania Department of Environmental Protection (DEP), the Lower Lackawanna Valley Sanitary Authority, the Old Forge Zoning Board, the Old Forge Planning Commission, and the Old Forge Borough Council.

(Docket entry No. 1, ¶¶5-6). At a subsequent public meeting of the Old Forge Borough Council on November 16, 2010, defendant Joseph Rivello ("Rivello") "falsely stated that Lilac Meadows' sewer system was illegal" and that its development project was "in violation of a set back variance granted to its predecessor in interest." (*Id.*, ¶¶7-8). Lilac Meadows alleges that "[a]t another Council Meetings (sic), Rivello stated that the variances granted" to Lilac Meadows' predecessor in interest "were 'rubber stamped' and that the 'slope up there is greater than what's allowed up there in the book...,' as a result of which he was going to 'call DEP.'" (*Id.*, ¶9). During the meeting on November 16, 2010, Rivello reportedly "revealed his intention to interfere with the completion of the project by indicating that he was 'going to get a lawyer...I'm going to get a good lawyer that knows all the zones, all the pitch, all the runoff, if he had to hire an engineer or what...I said I'm going to get the best guy. I said you better make sure every 't' is crossed and every 'i' is dotted which I don't believe you have done that now.'" (*Id.*, ¶10). Rivello also claimed at this meeting that the project would create parking issues even though he knew "full well that each unit has its own garage and driveway" as required by Old Forge ordinances. (*Id.*, ¶11).

Rivello's sister, defendant Virginia Panko ("Panko"), allegedly made the following statements concerning Lilac Meadows during the Old Forge Borough Council meeting:

- "[Lilac Meadows] violated that plan, it voids the

plan"

- "[S]o many things were not done properly here"

- On an icy night "someone was going to hit her car at 2:00 in the morning, that she is not going to know who did it, that she has no comprehensive or collision insurance coverage on her car, and that she doesn't have the money"

- Arguing that the state and local agencies that "would have had to sign off on this meet with us or we're going to the newspapers…we're not shutting up"

- "Corruption is going on everywhere."

(*Id.*, ¶¶12-16). Lilac Meadows contends that Rivello and Panko made the foregoing statements "intentionally, willfully, maliciously, and…with knowledge of their falsity or with reckless disregard for their truth or falsity." (*Id.*, ¶17). Lilac Meadows submits that the public statements of Rivello and Panko "are actionable per se and slanderous per se." (*Id.*, ¶18).

Lilac Meadows avers that as a "result of the false, misleading, malicious, willful and reckless statements of" Rivello and Panko, Lilac Meadows "has suffered and continues to suffer serious and irreparable injury to its name and reputation." (*Id.*, ¶19). Lilac Meadows further asserts that it "has been caused to incur additional expenses in an effort to meet Old Forge Borough Council's additional conditions placed upon [Lilac Meadows], after

the land development approval of 2006, and after the land development re-approval of April 19, 2011, all to its great harm and detriment." (*Id.*, ¶20). In its prayer for relief, Lilac Meadow seeks judgment "in an amount in excess of $75,000 together with punitive damages, costs, interest, and attorney's fees."[1] (*Id.*, p. 5).

Panko has filed preliminary objections in the nature of a demurrer in which she seeks to dismiss this action on four bases. First, Panko contends that Lilac Meadows has failed "to state a cognizable claim for defamation since [Lilac Meadows] has agreed to and admitted the correctness and truth of the defendants' November 16, 2010 comments...when [Lilac Meadows] made changes to [its] development plans as ordered by the Borough Council after land development approval...and re-approval...without appealing the changes ordered by council." (Docket entry no. 7, ¶4). Second, Panko demurs to this suit on the ground that she had "a privilege to make publication of the alleged defamatory statements at borough council's meetings." (*Id.*, ¶5). Third, Panko seeks to strike the phrase "as well as diverse others" in paragraph 17 of the complaint in which Lilac Meadows avers that "[t]he statements and comments identified and quoted in previous paragraphs in this complaint, as well as diverse others, were made... intentionally, willfully, maliciously, and...with knowledge of their falsity or with reckless disregard for their truth or falsity." (*Id.*, ¶6). Fourth, Panko maintains that paragraph

---

1. Pursuant to Lacka. Co. R.C.P. 1301(a), as amended on January 19, 2007, the compulsory arbitration limits in Lackawanna County are $50,000,00.

20 of the complaint "fails to specifically plead special damages" by merely averring that Lilac Meadows "has been caused to incur additional expenses in an effort to meet Old Forge Borough Council's additional conditions placed upon [Lilac Meadows]" after the 2006 approval and 2011 re-approval of the land development. (*Id.*, ¶7).

Rivello has likewise filed preliminary objections in which he advances four arguments in support of his requested dismissal of this action. Rivello first asserts that the statements attributable to him are incapable of a defamatory meaning as required by 42 Pa. C.S. §8343(a). (Docket Entry No. 10, ¶¶16-23). Not unlike Panko, Rivello also maintains that Lilac Meadows has not averred "special harm" in compliance with section 8343(a). (*Id.*, ¶¶24-31). Rivello further contends that his statements at the public meeting were conditionally privileged and the complaint "fails to plead facts which support a conclusion" that such a conditional privilege was abused by Rivello. (*Id.*, ¶¶32-36). Finally, Rivello submits that Lilac Meadows "has failed to allege facts which suggest intentional, reckless or malicious conduct" so as to support a claim for punitive damages. (*Id.*, ¶¶37-42).

Lilac Meadows has filed preliminary objections to Panko's preliminary objections and asserts that Panko has improperly raised the defense of privilege by preliminary objections rather than via new matter under Pa. R.C.P. 1030(a). (Docket Entry No. 13, ¶¶2-6). Lilac Meadows also claims that objections which are "in actuality a motion for more specific pleading" have been improperly labeled

"as a demurrer" by Panko. (*Id.*, ¶¶7-8). Lilac Meadows alternatively requests that it be granted permission "to amend its complaint, if necessary, to show special damages" instead of Panko being granted "a dismissal, with prejudice." (*Id.*, ¶11).

Lilac Meadows has also filed preliminary objections to Rivello's preliminary objections and argues that Rivello has similarly raised the defense of privilege in preliminary objections rather than by new matter. (Docket entry No. 16, ¶¶1-5). Lilac Meadows additionally avers that "a demurrer and a motion for a more specific pleading are legally inconsistent and may not be raised at the same time." (*Id.*, ¶7). Last, Lilac Meadows attacks Rivello's challenge to his special damages claim and seeks "an order requiring defendant Rivello to file a response (sic) pleading to plaintiff[']s complaint which does not contain a preliminary objection to the allegations of damages nor a preliminary objection raising the defense of privilege.'" (*Id.*, ¶9).

The parties filed their supporting and opposing memoranda of law between September 27, 2011 and December 28, 2011, and thereafter agreed to submit their preliminary objections on briefs and without the necessity of oral argument. The parties' preliminary objections are now ripe for disposition and will be addressed in the manner in which they were filed.

## II. DISCUSSION

### (A) STANDARD OF REVIEW

When considering preliminary objections contesting the legal sufficiency of a pleading, all material facts set forth in that pleading and any exhibits attached to it are admitted as true, as well as all reasonable inferences which may be drawn from those facts. *Soto v. Nabisco, Inc.*, 32 A.3d 787, 790 (Pa. Super. 2011). Preliminary objections seeking the dismissal of a claim may be sustained only in cases that are clear and free from doubt, *In re Estate of Savers*, 32 A.3d 1241, 1247-48 (Pa. 2011), and to be clear and free from doubt, it must appear with certainty that the law would not permit recovery based upon the facts averred. *Rodgers v. Lorenz*, 25 A.3d 1229, 1231 (Pa. Super. 2011). If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections. *Butler v. Charles Powers Estate*, 29 A.3d 35, 39 (Pa. Super. 2011).

Lilac Meadows has labeled its suit against Rivello and Panko as a slander action. (Docket entry No. 1, ¶18). Defamation, of which libel and slander are methods, "is the tort of detracting from a person's reputation, or injuring a person's character, fame or reputation, by false and malicious statements." *Cogley v. Duncan*, 32 A.3d 1288, 1289 n. 1 (Pa. Super. 2011); *Joseph v. The Scranton Times*, 959 A.2d 322, 334 (Pa. Super. 2008), app. dismissed as moot, 603 Pa. 146, 982 A.2d 1223 (2009); *Davis v. PPL Sustainable Energy Fund*, 2011 WL 7272291, at * 6 (Lacka. Co. 2011). Libel is the malicious publication of printed or written material which tends to blacken a person's reputation or expose the person to

public hatred, contempt or ridicule. *Tucker v. Philadelphia Daily News*, 577 Pa. 598, 615, 848 A.2d 113, 124 (2004). A slanderous communication is a spoken or transitory form of defamation "intended to lower the view of the target of the communication in the community or…to deter third persons from associating with the target." *Reardon v. Allegheny College,* 926 A.2d 477, 484 (Pa. Super. 2007), app. denied, 596 Pa. 755, 947 A.2d 738 (2008); *Koldjeski v. Colombo*, 2009 WL 5124027, at * 3 (Lacka. Co. 2009). Pennsylvania law permits a corporation such as Lilac Meadows to maintain a cause of action for defamation. See, *Cosgrove Studio and Camera Shop, Inc. v. Pane,* 408 Pa., 314, 319, 182 A.2d 751, 753 (1962) (adopting Restatement (Second) of Torts, §561)

### (B) PANKO'S TRUTH DEFENSE

Panko's first demurrer relates to Lilac Meadows' allegation in paragraph 20 that "[a]s a direct and proximate result of the false, misleading, and malicious statements" made by Rivello and Panko, Lilac Meadows was "caused to incur additional expenses in an effort to meet Old Forge Borough Council's additional conditions placed upon [Lilac Meadows] after the land development approval of 2006 and…re-approval of April 19, 2011." (Docket entry No. 1, ¶20). Panko contends that "[b]y complying with the changes imposed by the borough council that were based upon [Panko's] statements, [Lilac Meadows] admitted the truth of [Panko's] statements in so complying without objection." (Docket entry No. 18, p. 6). In light of Lilac Meadows' apparent payment of the costs of

those "additional conditions," Panko asserts "that [Lilac Meadows'] complaint in its entirety should be stricken and dismissed for its failure to state a cognizable claim for defamation." (*Id.*).

It is well settled that truth is an absolute defense to a defamation claim, see, *American Future Systems, Inc. v. Better Business Bureau of Eastern Pennsylvania*, 592 Pa. 66, 77-78, 923 A.2d 389, 396 (2007), and that the defendant bears the burden of proving the truth of the defamatory communication. See, 42 Pa. C.S. §8343(b)(1). In addition to claiming that Lilac Meadows violated the approved land development plans and otherwise acted improperly, Panko reportedly accused Lilac Meadows of engaging in "corruption" in pursuing and implementing the land development project.[2] (Docket Entry No. 1, ¶16). As sole authority for the proposition that Lilac Meadows' compliance with Borough Council's additional conditions constitutes a binding admission of the truth of Panko's public allegations, Panko cites *McIntyre v. Unemployment Compensation Bd. of Review*, 687 A.2d 416 (Pa. Cmwlth. 1997), app. denied, 548 Pa. 640, 694 A.2d 624 (1997). (Docket Entry No. 18, pp. 5-6).

In *McIntyre*, the Commonwealth Court held that a

---

2. When referencing Lilac Meadows' project and the approval of its land development plans by state and local agencies, Panko stated "corruption is going on everywhere." (Docket entry No. 1, ¶¶12-16). Since Panko's comments could fairly and reasonably be construed as implying that Lilac Meadows was involved with corruption, her public remarks may be actionable as defamation by innuendo. See, *Today's Housing v. Times Shamrock Communications, Inc.*, 21 A.3d 1209, 1215 (Pa. Super. 2011).

claimant's failure to deny that he tested positive for drugs when confronted by his supervisor constituted an admission by silence and was evidence demonstrating his willful misconduct which disqualified him from receiving unemployment compensation benefits. Noting that "the failure of a party to reply to a statement made in his presence or hearing is significant only where the nature of the statement, and the circumstances under which it was made, are such as to render a reply natural and proper," *Id.*, at 418 (quoting L. *Washington & Associates v. Unemployment Compensation Bd. of Review*, 662 A.2d 1148, 1149 (Pa. Cmwlth. 1995), the *McIntyre* court reasoned:

> Here, when Bowser told claimant of his positive drug test result, it was the first time claimant was hearing the information from his employer. Claimant ought to have responded if the assertion was untrue since he knew Bowser was in a position, as employer's operation's manager, to terminate him. As claimant failed to do so, his silence constituted an admission as concluded by the board.

*McIntyre*, 687 A.2d at 419. The Commonwealth Court later modified the *McIntyre* holding and held that a claimant's failure to deny that drug tests were positive may not be deemed an implied admission where the employer does not ask the claimant whether his drug test results were positive during his administrative proceeding and the claimant does not fail to deny a positive drug test in the face of a direct assertion by the employer. *Carson*

*v. Unemployment Compensation Bd. of Review*, 711 A.2d 582, 584-585 (Pa. Cmwlth. 1998).

Lilac Meadows' compliance with Borough Council's additional demands cannot be construed under *McIntyre* or *Carson* as an implied or tacit admission of the truth of Panko's allegations of corruption and other wrongdoing by Lilac Meadows. The facts at issue in this case are clearly distinguishable from the circumstances presented in *McIntyre*. In contrast to the factual scenario in *McIntyre*, Lilac Meadows' complaint does not suggest that Lilac Meadows was present when Panko allegedly made her slanderous remarks or that Panko was in a position to terminate the land development project if Lilac Meadows failed to deny her allegations. Lilac Meadows simply incurred, and presumably paid, the costs associated with the supplemental conditions imposed by Borough Council in order to move the development project forward to completion. Panko has not cited any defamation precedent recognizing such compliant conduct by a plaintiff as a binding admission of the truth of the defamatory remarks.

Panko bears the burden of proving truth as a defense, and in the context of a demurrer, she must establish that it is clear and free from doubt that based "on the facts averred, the law says with certainty that no recovery is possible." *Betts Industries, Inc. v. Heelan*, 33 A.3d 1262, 1265 (Pa. Super. 2011). Panko has not demonstrated that Lilac Meadows' payment of the costs related to the additional conditions should be declared, as a matter of

law, as a binding admission of the truthfulness of the foregoing statements ascribed to Panko. Therefore, her first demurrer to Lilac Meadows' entire complaint will be overruled.

## (C) PANKO'S PRIVILEGE CLAIM

Panko next contends that Lilac Meadow's defamation suit must be dismissed since her public statements were privileged under 42 Pa. C.S. §8343(b)(2). (Docket entry no. 24, pp. 11-16). Lilac Meadows has filed preliminary objections to Panko's demurrer based upon privilege and argues that the defense of privilege may only be raised via new matter in a responsive pleading. (Docket entry no. 22, p. 2).

It is beyond dispute that a "privilege to defame is an affirmative defense which may not be decided on preliminary objections." *DeMary v. Latrobe Printing and Publishing Company*, 762 A.2d 758, 761 (Pa. Super. 2000), app. denied, 567 Pa. 725, 786 A.2d 988 (2001); *Wecht v. PG Publishing Company*, 353 Pa. Super. 493, 496, 510 A.2d 769, 771 (1986), app. denied, 514 Pa. 632, 522 A.2d 559 (1987). Where a party erroneously asserts a substantive defense in preliminary objections rather than by new matter, the opposing party must file preliminary objections to the defective preliminary objections; the failure to do so results in a waiver of the procedural defect. *Richmond v. McHale*, 35 A.3d 779, 782 (Pa. Super. 2012); *DeMary*, 762 A.2d at 762; *Preiser v. Rosenzweig*, 418 Pa. Super. 34, 36-37, 614 A.2d 303, 305 (1992) (failure of

plaintiff to file preliminary objection to defendant's filing of preliminary objection asserting absolute privilege as a defense precluded, on basis of waiver, plaintiff from contending on appeal that defendant improperly raised the affirmative defense of privilege by preliminary objection instead of new matter), *aff'd*, 538 Pa. 139, 646 A.2d 1166 (1994). Instantly, Lilac Meadows has filed preliminary objections to Panko's improper assertion of her privilege defense by way of preliminary objection rather than in her new matter. Consequently, based upon long-established precedent recognizing that the defense of privilege may only be asserted in new matter, Lilac Meadows' preliminary objections to that demurrer will be sustained and Panko's demurrer based upon privilege will be overruled.

### (D) PANKO'S CHALLENGE TO "UNIDENTIFIED STATEMENTS"

In her third preliminary objection, Panko contests Lilac Meadows' use of the phrase "as well as diverse others" in paragraph 17 of the complaint, and characterizes that language as attempting to incorporate "unidentified statements" as grounds for its defamation claim. (Docket entry No. 7, ¶6). Panko's original brief in support of her preliminary objections correctly notes that Lilac Meadows has set forth "no facts in its complaint about statements of [Panko] at Borough Council meetings aside from those made at the meeting of November 16, 2010." (Docket Entry No. 18, p. 9). In her supplemental brief in response to Lilac Meadows' preliminary objections, Panko clarifies that she simply seeks to strike Lilac Meadows' "boiler

plate" averment utilizing the words "as well as diverse others." (Docket entry No. 24, pp. 16-17).

A complaint for defamation must, on its face, identify specifically what allegedly defamatory statements were made, and to whom those statements were made. *Jaindl v. Mohr*, 432 Pa. Super. 220, 229, 637 A.2d 1353, 1358 (1994), *aff'd*, 541 Pa. 163, 661 A.2d 1362 (1995); *Moses v. McWilliams*, 379 Pa. Super. 150, 170, 549 A.2d 950, 960 (1988), *app. denied*, 521 Pa. 631, 558 A.2d 532 (1989). Defamation allegations are subject to dismissal if the complaint fails to provide the requisite specificity. See, *Moses*, supra; *Kryeski v. Schott Glass Technologies, Inc.*, 9 D. & C. 4th 399, 410 (Lacka. Co. 1991) (defamation averments which do not specifically identify "what was said" and "when it was said" lack sufficient specificity under *Moses*). Moreover, if the defendant fails to object to unspecific allegations of defamation, [s]he may be subject to amendments of the complaint beyond the one year statute of limitations. See e. g., *Olszewski v. Sinclair Broadcast Group, Inc.*, 62 D. & C. 4th 236, 244 (Luz. Co. 2003) (plaintiff who alleged that defendants broadcasted defamatory statements about him on certain dates "and other occasions," was permitted "to amend his complaint to more specifically identify the 'other occasions' on which the defendants allegedly defamed him.").

In its complaint, Lilac Meadows identifies certain remarks allegedly made by Panko during the borough council meeting on November 16, 2010. (Docket entry no. 1, ¶¶12-16). However, in paragraph 17 of the complaint,

Lilac Meadows further avers that "[t]he statements and comments identified and quoted in previous paragraphs in this complaint, *as well as diverse others*, were made by… defendant Panko…intentionally, willfully, maliciously, and…with knowledge of their falsity or with reckless disregard for their truth or falsity." (*Id.*, ¶17) (emphasis added). The inclusion of an averment regarding "other" unidentified instances of slander clearly does not satisfy *Moses* and its progeny by specifically identifying what was said and to whom it was said. Panko will be prejudiced if that phrase is not stricken in that Lilac Meadows may arguably amend its complaint beyond the statute of limitations to include other instances in which Panko purportedly defamed Lilac Meadows. Hence, although Panko's preliminary objections to the phrase "as well as diverse others" would be more accurately described as a motion to strike rather than a demurrer, see, Pa. R.C.P. 126 (the court may disregard any error or defect of procedure which does not affect the substantial rights of the parties), those preliminary objections will be sustained and the words "as well as diverse others" will be stricken from the complaint.

### *(E) PLEADING OF SPECIAL DAMAGES*

Panko's final preliminary objection challenges paragraph 20 of the complaint in which Lilac Meadows avers that as a result of Panko's "false, misleading and malicious statements, [Lilac Meadows] has been caused to incur additional expenses in an effort to meet Old Forge Borough Council's additional conditions placed upon

[Lilac Meadows] after the land development approval of 2006 and...re-approval of April 19, 2011." (Docket Entry No. 1, ¶20). Panko submits that Lilac Meadows' "complaint of special damages at paragraph 20 should be stricken upon [Panko's] demurrer."[3] (Docket Entry No. 18, p. 13; Docket Entry No. 24, p. 20). The crux of Panko's argument is that paragraph 20 lacks sufficient specificity under Rule 1019(f) in that Lilac Meadows "generally pleads damages in excess of $75,000, but fails to plead the specifies of his (sic) financial harm at paragraph 20 of its complaint." (Docket Entry No. 24, p. 20).

"Actual" damages in defamation litigation consist of "general" damages and "special" damages. *Joseph*, 959 A.2d at 344; *Sprague v. American Bar Association*, 276 F.Supp.2d 365, 368 (E.D. Pa. 2003). "General" damages are those which typically flow from defamation and include injury to reputation, impairment of standing in the community, personal humiliation and mental anguish. *Pilchesky v. Gatelli*, 12 A.3d 430, 444 (Pa. Super. 2011); *Marconi v. Penthouse International Magazine,* 754 F.2d 1072, 1079 (3rd Cir. 1985); *Sprague*, supra. "Special" damages refer to economic harm or pecuniary losses

---

3. Panko predicates her attack on paragraph 20 of the complaint based upon Pa. R.C.P. 1019(f). Since Panko seeks to strike paragraph 20 for that reason, her preliminary objection would be more appropriately designated as a preliminary objection in the nature of a motion to strike pursuant to Pa. R.C.P. 1028(a)(2) governing the "failure of a pleading to conform to law or rule of court..." rather than Pa. R.C.P. 1028(a)(4) addressing "legal insufficiency of a pleading (demurrer)." Inasmuch as Lilac Meadows has not articulated how it has been prejudiced by that misdesignation, Panko's procedural defect will be disregarded under Rule 126.

caused by the defamatory communication. *Pilchesky,* supra; *Brinich v. Jencka,* 757 A.2d 388, 397 (Pa. Super. 2000), app. denied, 565 Pa. 634, 771 A.2d 1276 (2001); *Beverly Enterprises, Inc. v. Trump,* 182 F.3d 183, 188 (3rd Cir. 1999).

Defamatory words are either actionable per se or actionable per quod. "Words that on their face and without the aid of extrinsic evidence are recognized as injurious are actionable per se; words that are actionable per quod are those that the injurious nature appears only in consequence of extrinsic facts." *Joseph,* 959 A.2d at 344 n. 23. With words that are actionable per se, only general damages must be established and it is not necessary for the plaintiff to prove special damages. *Joseph,* 959 A.2d at 344; *Brinich,* 757 A.2d at 397; *Patton v. Pasqualini,* 2011 WL 3803505, at * 12 (E.D. Pa. 2011). Words which impute the commission of a crime are deemed actionable per se or slander per se. *Joseph,* supra; *Patton,* supra; *Moon v. Garibotto,* 2010 WL 2812270, at *3 (*Lacka.* Co. 2010). Since Panko has asserted Lilac Meadows was implicated in "corruption" in connection with the governmental agencies' approval of the land development plan, see, n. 2, supra, and such activity constitutes a criminal offense punishable by imprisonment, see, 18 Pa. C.S.A. §§4108 and 4701, her public comments are arguably actionable per se. As such, Lilac Meadows is not required to prove special damages.

Lilac Meadows has averred that Panko's statements "are actionable per se and slanderous per se" and have

caused Lilac Meadows "to suffer serious and irreparable injury to its name and reputation." (Docket entry No. 1, ¶¶18-19). In addition to that claim of "general" damages, Lilac Meadows further asserts that it suffered "special" damages in the nature of the "additional expenses" it incurred and paid to satisfy "Old Forge Borough Council's additional conditions." (*Id.*, ¶20). Contrary to Panko's objection, Lilac Meadows has sufficiently pleaded the special damages that she suffered as a result of Panko's alleged slander. Lilac Meadows' complaint "need not cite evidence but only those facts necessary for the defendant to prepare a defense." *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008); *Dempsey Uniform & Linen Supply, Inc. v. Gracie Baseball, L.P.*, 2011 WL 7272292, at * 6-7 (Lacka. Co. 2011). On the contrary, "…the details of items of special damages, pleaded generally, are readily obtainable by discovery." *Com. ex rel Milk Marketing Board v. Sunnybrook Dairies, Inc.*, 29 Pa. Cmwlth. 210, 214, 370 A.2d 765, 768 (1977); *J. Goldstein & Company v. Goldstein*, 52 D. & C. 4th 211, 221 (Phila. Co. 2001). Hence, Panko's final preliminary objection will also be overruled.

## (F) DEFAMATORY CHARACTER OF RIVELLO'S COMMENTS

In his first preliminary objection, Rivello demurs to Lilac Meadows' slander claim on the ground that Lilac Meadows "has failed to plead sufficient facts to establish the defamatory character of [Rivello's] communications."

(Docket Entry No. 19, p. 3). Rivello submits that he "merely said that the building project did not conform to certain laws and ordinances." (*Id.*, p. 5). Rivello notes that his comments were made "in the course of debate over the legality of a land development project under Borough ordinances and a debate over whether additional conditions should be placed on the approval of the project." (*Id.*, p. 4). Rivello argues that his "statements were not of the kind that would grievously fracture [Lilac Meadows'] standing in the community," as a result of which they do not contain the requisite defamatory character. (*Id.*, at p. 5). Although Lilac Meadows filed a brief in opposition to Panko's preliminary objections and a "combined brief" in support of its preliminary objections to the defendants' preliminary objections, (Docket entry Nos. 20, 22), it has not filed a brief in response to Rivello's preliminary objections.

In an action for defamation, the plaintiff has the statutory burden to prove: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. *Richmond*, 35 A.3d at 783 (quoting 42 Pa. C.S. §8343(a)); *Catania v. Corestates Bank*, 1999 WL 34786594, at *3, 101 Lacka. Jur. 63, 66-67 (1999). It is the function of the trial court to determine,

in the first instance, whether the communication at issue is capable of a defamatory meaning. *Kurowski v. Burroughs*, 994 A.2d 611, 616 (Pa. Super. 2010), app. denied, 608 Pa. 655, 12 A.3d 752 (2010); *Davis*, supra, at *7. The initial determination of whether a communication is defamatory presents a question of law. *MacElree v. Philadelphia Newspapers, Inc.*, 544 Pa. 117, 124, 674 A.2d 1050, 1053 (1996); *Reardon v. Allegheny College*, 926 A.2d 477, 484 (Pa. Super. 2007), *app. denied*, 596 Pa. 755, 947 A.2d 738 (2008).

A communication is defamatory if it (a) tends to lower a person in the estimation of the community, (b) deters third persons from associating with him or her, or (c) adversely affects his or her fitness or the proper conduct of his or her business or profession. *Joseph*, 959 A.2d at 334; *Pellegrino Food Products Company. Inc. v. The Valley Voice*, 875 A.2d 1161, 1163-64 (Pa. Super. 2005); *Dice v. Johnson*, 711 F.Supp.2d 340, 359 (M.D. Pa. 2010). "Pennsylvania courts have held that certain types of communications, although undoubtedly offensive to the subject, do not rise to the level of defamation." *Kryeski v. Schott Glass Technologies, Inc.*, 426 Pa. Super. 105, 116, 626 A.2d 595, 600-601 (1993), *app. denied*, 536 Pa. 643, 639 A.2d 29, (1994). Furthermore, a statement that is merely an expression of an opinion cannot constitute slander. *Reardon*, 926 A.2d at 484; *Koldjeski*, supra at *4. Additionally, statements which are merely annoying or embarrassing, or nothing more than rhetorical hyperbole or vigorous epithet, are not defamatory. *Tucker*, 577 Pa. at

615, 848 A.2d at 124; *Blackwell v. Eskin*, 916 A.2d 1123, 1125 (Pa. Super. 2007).

The only statements set forth in the complaint which are attributable to Rivello relate to his criticism of the land development project and the governmental review process involving Lilac Meadows' predecessor in interest which reportedly secured land development approval in 2006 and 2011. Specifically, Rivello claimed that the "sewer system was illegal," the "slope…is greater than what's allowed," the "setback variance granted to its predecessor in interest" had been breached, and parking problems would be created by people visiting the Edith Street project residents. (Docket entry No. 1, ¶7-8, 11). Rivello further charged that the zoning variances granted to Lilac Meadows' predecessor in interest were "rubber stamped" by the local zoning authority. (*Id.*, ¶9). Rivello is also accused of voicing his intent to hire "a good lawyer" to determine whether the project was in compliance with the applicable laws and ordinances and that the developer had crossed "every 't'" and dotted "every 'i.'" (*Id.*, ¶10). Unlike Panko, Rivello did not suggest that Lilac Meadows was involved in some form of corruption in conjunction with the land development project.

Rivello's statements concern Lilac Meadows' property rather than the character, condition or fitness of Lilac Meadows itself. It is important to note that Lilac Meadows has not asserted a claim against Rivello for commercial disparagement or trade libel based upon any false and malicious representation regarding the title or

quality of Lilac Meadows' interest in property or goods. *Compare, Pro Gold Manufacturing, Inc. v. Tribune Review Newspaper Company,* 570 Pa. 242, 247, 809 A.2d 243, 246 (2002); *Brennan v. Durso,* 2011 WL 2262484, at *3 (Lacka. Co. 2011). Rather, its sole claim in this suit is for slander vis-a-vis Lilac Meadows, Even after affording Lilac Meadows the benefit of all reasonable inferences which may be drawn from its factual allegations relative to Rivello, Lilac Meadows has failed to aver statements that were made by Rivello about Lilac Meadows which are capable of a defamatory meaning. Consequently, Lilac Meadows has failed to state a cause of action against Rivello for the slander of Lilac Meadows. As a result, Rivello's preliminary objection in the nature of a demurrer will be sustained.[4]

## ORDER

And now, this day of April 5, 2012, upon consideration of the preliminary objections of defendant Virginia Panko, the preliminary objections of defendant Joseph Rivello, the preliminary objections of plaintiff Lilac Meadows, Inc. to defendants' preliminary objections, and the memoranda of law submitted by the parties, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

1. The preliminary objections of defendant Virginia Panko and defendant Joseph Rivello are sustained in part

---

4. In light of our disposition of Rivello's first preliminary objection, it is not necessary to address his remaining objections.

and overruled in part;

2. The second preliminary objection of defendant Virginia Panko in the nature of a motion to strike the words "as well as diverse others" in paragraph 17 of the complaint is sustained and the phrase "as well as diverse others" is stricken from the complaint;

3. The first, second and fourth preliminary objections of defendant Virginia Panko are overruled;

4. The first preliminary objection of defendant Joseph Rivello in the nature of a demurrer pursuant to 42 Pa. C.S. §8343(a)(1) is sustained and the slander claim asserted by plaintiff Lilac Meadows, Inc. against defendant Joseph Rivello is dismissed;

5. The second, third and fourth preliminary objections of defendant Joseph Rivello are dismissed as moot;

6. The preliminary objections of plaintiff Lilac Meadows, Inc. to the defendants' preliminary objections based upon privilege are sustained, but in all other respects, the preliminary objections of plaintiff Lilac Meadows, Inc. are overruled; and

7. Within the next twenty (20) days, defendant Virginia Panko shall file a responsive pleading to the complaint.